IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DAVID SMITH, | § |
| | § |
| Defendant Below, | § No. 353, 2016 |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware, |
| | § |
| STATE OF DELAWARE, | § Cr. ID No. 0304020115 |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: July 22, 2016
Decided: July 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 27th day of July 2016, it appears to the Court that:

(1)     On July 11, 2016, the Court received the appellant's notice of appeal from a Superior Court order denying his motion for postconviction relief. The Superior Court order was dated, and docketed on, June 7, 2016. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before July 7, 2016.

(2)     The Clerk issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, the appellant contends that his appeal was

timely because he received the Superior Court order on June 11, 2016 and this Court received his notice of appeal within thirty days (on July 11, 2016).

(3)    Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]    An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)    The time to take an appeal from a postconviction order runs from the docketing of the postconviction order, not receipt of the order as the appellant claims.[5] The appellant does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  This appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10 (a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[3] *Carter v. State*, 2013 WL 5974913, at *1 (Del. Nov. 8, 2013) (citing *Carr*, 554 A.2d at 779).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] Supr. Ct. R. 6(a)(iv).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice